O’Neall, J.
delivered-the opinion of the Court.
The first ground of appeal will alone be considered. For in the view which the Court takes of the case, that will entitle the defendant to a new trial.
Certainly some confusion pervades our cases, from the distinctions between bail below or bail to the sheriff, and bail above or bail to the action, not being sufficiently attended to. In this State, since the Act of 1809, bail is, in every instance, (except bail for a woman,) upon the footing of bail above.— They are, therefore, to be regarded as subject to all the liabilities, as well as having all the privileges.
In Loker v. Antonio, it was held that in an action of debt, on a bail bond, as well as on a scire facias, it was necessary to set out the condition, the action against the principal, the recovery of judgment, the suing out of a ca. sa., the return of non est inventus by the sheriff, and that the principal had not paid the damages, costs and charges so recovered, nor any part thereof, nor rendered his body in satisfaction. This was, to all intents and purposes, putting the bail bond upon the footing of a recognizance of bail, executed by bail above.
In. such a case, what variance between the bail bond and *58 the affidavit to hold to bail, would discharge the bail 7 As is said in Saunders v. Hughes, it must be “ a variance by declaring on a totally different cause of action from that stated in the writ.” Here there is no variance, save that the name of the bail is inserted in the condition, and it would appear from it as if the action, for which he became bail, was against Jones and himself. This is absurd ! No man can be bail for himself. The maxim, utile per inutile nonvitia-tur, would apply to this blunder, and I think it might be rejected as surplusage. But, in another view, it cannot vitiate the hail bond. The law before ’39, would have been satisfied, in its letter, if the condition had merely required the defendant to appear at the return of the writ, but as a matter of construction, it had been required that in addition to appearance, at the return, the case and the form of the action, in and to which he was to appear, was to be stated.
29 Bail 510
23 H. 6, C. 9, P. h. App. 8.
Saunders v. Hughes, 2. Bail. 512, 513.
The Act of ’39, sec. 14, directs that the condition of the bail bond shall contain “ a provision for the appearance of the defendant, at the Court House of the district, to answer to such plea as may be expressed in the process of plaintiff, at the term of the Court next succeeding the return day thereof.” Read the condition of this bond, excluding the name of the bail, and it is a full compliance with the Act. As he could not be bail for himself, the insertion of the name of the bail would be a mere mistake, which would be no ground for either an exoneretur or for a non-suit, in an action on the bail bond. For the whole end of the law has been satisfied, the bail and the principal both know that the action, in which the bond is given, is against the principal alone, that it is in that action, and that alone, that the principal is to appear and answer. Knowing this, and also that there is no such action as one against the principal and the bail, it follows that they could not be prejudiced, in any shape, by the mistake in the condition.
I have no doubt, too, that the error in the bail bond, if of any importance, may be remedied by amending the bond, and striking out the name of the bail. Such a eourse has the sanction of Tidd’s Practice, 264-5. It is only necessary to give notice of such a motion to amend, and if good cause be not shewn to the contrary, (which it is manifest here cannot be done,) the amendment will be ordered of course.
The bond being valid, it follows that the plaintiff has no cause of action against the sheriff.
The motion for a new trial is granted.
Richardson, J. and Frost, J. concurred.